COOK, Circuit Judge,
dissenting.
I find I am unable to join the majority opinion as it hinges a substantial award on the supposition that this decedent applied for $150,000 worth of life insurance, though there exists no record evidence of his application. Premium payments deducted by his employer leads the majority to surmise from there that the decedent surely applied. But that path of analysis misses the crucial issues raised by United concerning the gateway importance of its plan’s contractual provisions regulating enrollment, eligibility and insurability. Appropriate focus on the plan documents’ contractual limitations would have required the majority to accord “extreme deference,” McClain v. Eaton Corp. Disability Plan, 740 F.3d 1059, 1067 (6th Cir. 2014), to United’s reasonable reading of its plan’s terms. And though the majority makes much of United being in the classic conflict situation—both construing the meaning of its plan terms while also deciding its duty to pay—courts view this situation as not affecting the deference due. Conkright v. Frommert, 559 U.S. 506, 512, 130 S.Ct. 1640, 176 L.Ed.2d 469 (2010) (citing Metro. Life Ins. v. Glenn, 554 U.S. 105, 115-116, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008)); Peruzzi v. Summa Med. Plan, 137 F.3d 431, 433 (6th Cir. 1998) (citing Davis v. Kentucky Fin. Cos. Retirement Plan, 887 F.2d 689, 694 (6th Cir. 1989)).
What is more, United thoroughly reviewed Brown’s unique circumstances before it explained its rationale for why Brown never qualified as an insured of United under the plan’s terms. Though Brown requested that Hartford issue a $30,000 policy to him, the fact of his employer changing carriers from Hartford to United before his requested coverage took effect disqualified him from “grandfathering” into automatic insurability as did his already-insured coworkers.
United’s plan-based explanation of its reasonable reading of the plan’s terms— within the broad discretion the plan itself grants—should have foreclosed labeling United’s denial as “arbitrary and capricious.” And without that label, no basis existed for awarding prejudgment interest or attorney fees.
I would reverse the judgment of the district court, and remand for the limited purpose of entering judgment for Brown for in the amount of premium payments withheld, approximately $1000.